IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MATTHEW BARNES, on behalf of himself<br>and all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>SANDBOX TRANSPORTATION, LLC<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: 7:18-cv-50 |

## **COMPLAINT**
*[Jury Trial Demanded]*

Plaintiff Matthew Barnes, on behalf of himself and all others similarly situated for his Complaint against Sandbox Transportation, LLC states and alleges as follows:

### SUMMARY

1. Sandbox Transportation, LLC (hereinafter "Sandbox" or "Defendant") required and/or permitted Plaintiff Matthew Barnes, opt-in Plaintiff, and all other similarly situated employees (hereinafter "Plaintiffs") to work in excess of forty hours per week but refused to compensate them properly for such hours.

2. Defendant's conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiffs are FLSA non-exempt workers who have been denied overtime pay required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendant engages in business here and a substantial part of the events giving rise to Plaintiff's claim occurred here.

## THE PARTIES

6. Defendant Sandbox Transportation, LLC is a domestic limited liability company with its principle place of business in Houston, Texas. Service of process may be had on Defendant through its registered agent: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.

7. Plaintiff Matthew Barnes is a resident of Texas.

8. Opt-in Plaintiff Isaac Gott is a resident of Texas. Mr. Gott's written Consent to Join this action is attached as Exhibit "A."

9. The Class Members are Defendant's hourly paid operators who provide sandbox operation services employed at any time during the three-year time period immediately preceding the filing of this suit and who have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week.

## COVERAGE

10. Defendant Sandbox Transportation, LLC is an enterprise that engages in commerce or in the production of goods for commerce.

11. Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiffs.

12. Accordingly, Defendant is both a covered "enterprise" and an "employer" under the FLSA.

13. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

14. In furtherance of Defendant's business, Defendant's employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

## REPRESENTATIVE ACTION ALLEGATIONS

15. Plaintiff has actual knowledge that other Class Members, in addition to the opt-in Plaintiffs, have been denied overtime pay for hours worked over forty hours in a workweek.

16. This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff because his claims are similar to the claims of the Class Members of the representative action.

17. The names and addresses of the putative members of this representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

18. Although Defendant has suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendant has denied them full compensation for their hours worked over forty.

19. Plaintiff and Class Members perform/performed the same or similar work.

20. Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay and/or untimely payment of wages.

21. Defendant's failure to pay all or part of overtime compensation at the rates required by the FLSA or failure to tender pay checks resulted from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

22. Plaintiff's experiences are typical of the experiences of the Class Members.

23. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

24. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

25. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

26. The class of similarly situated plaintiffs is properly defined as follows:

a. **All of Defendants' hourly paid operators who provide sandbox operation services employed at any time during the three-year time period immediately preceding the filing of this suit and who have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week.**

## FACTUAL ALLEGATIONS

27. Defendant is a logistics company that delivers sand, or proppant, directly to the frac sites of its customers in the oil and gas industry.

28. Plaintiff Barnes began working for Defendant on or about June 28, 2016 as an hourly paid operator and continued employment with Defendant through on or about February 25, 2018.

4

29. Opt-in Plaintiff Gott began working for Defendant on or about March 25, 2017 as an hourly paid operator and continued employment with Defendant through on or about February 18, 2018

30. Plaintiff and opt-in Plaintiff approximate that they each worked on average of 80 hours or more per week for Defendant.

31. Defendant compensated Plaintiff and opt-in Plaintiff their hourly wage for hour for every hour worked, regardless of the number of hours worked.

32. Plaintiff and opt-in Plaintiff did not receive overtime compensation for hours exceeding forty in a workweek in violation of the FLSA.

33. By way of example, for the October 16, 2017 pay period, Plaintiff Barnes worked 162 hours, of which 82 of those hours were overtime hours. Instead of compensating Plaintiff $4,263.00, Defendant merely compensated him $3,402.00. As a result, Defendant still owes Plaintiff Barnes an additional $861.00

## CAUSES OF ACTION
### *VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")*

34. Plaintiff incorporates all allegations contained in the preceding paragraphs.

35. At all relevant times Plaintiff, opt-in Plaintiff, and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

36. Defendant's failure to pay overtime compensation to Plaintiff and Class Members violates the FLSA.

37. Plaintiff, opt-in Plaintiff, and Class Members are not exempt from the right to receive the appropriate overtime pay under the FLSA.

38. As a result of Defendant's failure to compensate its employees, including Plaintiff, opt-in Plaintiff, and Class Members, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

39. Accordingly, Plaintiff, opt-in Plaintiff, and Class Members are entitled to complete compensation for hours worked.

40. Additionally, Plaintiff, opt-in Plaintiff, and Class Members are entitled to an amount equal to their unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

41. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff, opt-in Plaintiff, and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages described pursuant to 29 U.S.C. § 216(b).

42. Alternatively, should the Court find Defendant acted in good faith and that it had reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

43. Plaintiff, opt-in Plaintiff, and Class Members are entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

44. WHEREFORE, Plaintiff demands judgment against Defendant plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

### PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him and Class Members:

1. overtime compensation for all unpaid hours worked in excess of forty hours at the

rate of one and one-half times their regular rate;

2. an equal amount as liquidated damages as allowed under the FLSA;

3. damages accrued up to three years;

4. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

5. pre-judgment and post judgment interest at the highest rates allowed by law; and

6. such other relief as to which Plaintiff, opt-in Plaintiff, and Class Members may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No. 031186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*